**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KINGSPAN INSULATED PANELS,**
        **Plaintiff,**

**-vs-**                                             **Case No. 6:11-cv-1904-Orl-28DAB**

**CENTRIA, INC.,**
        **Defendant.**
_____

## ORDER

This cause is before the Court on Defendant's Motion to Partially Dismiss Plaintiff's Complaint for Declaratory Relief (Doc. 10), the Response in Opposition thereto (Doc. 23) filed by Plaintiff, and Defendant's Reply (Doc. 26). As set forth below, Defendant's motion is granted.

### I. Background

In a letter dated November 3, 2011, counsel for Defendant informed Plaintiff that Defendant believed that one of Plaintiff's product lines "infringes at least one claim of [Defendant's] U.S. Patent No. 7,748,181" and demanded that Plaintiff cease infringing upon Defendant's patent rights. (Ex. C to Doc. 1). Four weeks later, Plaintiff initiated the instant lawsuit by filing a Complaint for Declaratory Relief as to non-infringement and invalidity of Defendant's patent. (Compl., Doc. 1).

Defendant then filed an Answer and Counterclaim (Doc. 11) as well as the Motion to Partially Dismiss that is now before the Court. In those filings, Defendant states that its position is that Plaintiff infringes Claim 14 of the patent and that Claim 14 is the only one of the fourteen claims in the patent that is at issue; as to the other thirteen claims, Defendant

asserts that there is no case or controversy between the parties. Thus, Defendant argues that the Complaint should be dismissed for lack of subject matter jurisdiction insofar as it seeks a declaration of non-infringement or invalidity as to any claim other than Claim 14.

## II. Discussion

"It is well-established that, in patent cases, the existence of a 'case or controversy must be evaluated on a claim-by-claim basis.'" Streck, Inc. v. Research & Diagnostic Sys., Inc., 665 F.3d 1269, 1281 (Fed. Cir. 2012) (quoting Jervis B. Webb Co. v. So. Sys., Inc., 742 F.2d 1388, 1399 (Fed. Cir. 1984)). "A party claiming declaratory judgment jurisdiction has the burden of showing 'that the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Id. at 1282 (quoting Benitec Austl., Ltd. v. Nucleonics, Inc., 495 F.3d 1340, 1343 (Fed. Cir. 2007)) (further internal quotation and citation omitted).

In its recent decision in Streck, the Court of Appeals for the Federal Circuit affirmed the district court's decision not to address unasserted patent claims, finding that the district court did not have jurisdiction over those claims. The plaintiff had alleged infringement of "one or more claims" in its complaint, but shortly after filing it narrowed the scope of the claims at issue to only fifteen particular claims; later, the plaintiff narrowed the scope to only nine claims. The court thus noted that "both parties were on notice from the start of litigation that the scope of claims at issue was only a subset of the full patents-in-suit," and the defendant did not meet "its burden of showing a continuing case or controversy with respect to the unasserted claims." Id. at 1284.

Here, although Defendant asserted infringement of "one or more claims" in its cease and desist letter, it has clarified that it alleges infringement of only Claim 14 of its patent. Thus, as in Streck, both parties are on notice of what claim is at issue. Moreover, Plaintiff has not presented any evidence that there has ever been a case or controversy with regard to any of Claims One through Thirteen. Plaintiff asserts that Defendant is required to provide a covenant not to sue in order for those claims not to be at issue, but Plaintiff has presented no authority supporting such a requirement under these circumstances. In Streck, the Federal Circuit spoke of no such requirement, and despite Defendant's discussion of Streck in its motion Plaintiff has not addressed that case at all in its response papers. Plaintiff has not met its burden of establishing the existence of a case or controversy as to any claims other than Claim 14, and thus Defendant's motion is well-taken.

### III.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that Defendant's Motion to Partially Dismiss Plaintiff's Complaint for Declaratory Relief (Doc. 10) is **GRANTED**. The Complaint is dismissed insofar as it seeks declaratory relief as to any claims other than Claim 14 of U.S. Patent No. 7,748,181.

**DONE** and **ORDERED** in Orlando, Florida this 4th day of June, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record